IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN J. COLE,<br>　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-12-0006 |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendant Bank of America, N.A. ("BOA"), to which Plaintiff Kristen J. Cole filed a Response [Doc. # 6]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

### **I.　BACKGROUND**

Plaintiff alleges that she executed a Promissory Note and Deed of Trust with BOA for the principal amount of $185,592.00 in connection with the purchase of real property in Houston, Texas. Plaintiff alleges that she became delinquent in her mortgage payments to BOA and, in April 2011, applied to participate in a loan modification program. Plaintiff alleges that she submitted financial documents to BOA between April 2011 and June 2011. Plaintiff alleges that in September 2011, she was advised that "no decision had been made" on her loan modification

application. *See* Original Petition [Doc. # 1-1], ¶ 13. Plaintiff alleges that September 2011, she was informed that BOA intended to conduct a foreclosure sale of her property.

Plaintiff filed this lawsuit in Texas state court, asserting a cause of action for breach of contract and a separate negligence claim. Defendant filed a timely Notice of Removal to federal court. Defendant subsequently filed the pending Motion to Dismiss, which is now ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under

a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS

#### A. Breach of Contract Claim

In the Original Petition filed in state court, Plaintiff alleges summarily that there exists a "valid, enforceable contract" with BOA. *See* Original Petition [Doc. # 1-1], ¶ 17. In her Response to the Motion to Dismiss, Plaintiff appears to argue that there is one contract consisting of the Promissory Note and Deed of Trust and a separate contract created by the parties' negotiations for a loan modification. *See* Response, ¶ 1. In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003).

With reference to the contract consisting of the Promissory Note and Deed of Trust, Plaintiff alleges in her Original Petition that she "became delinquent in her mortgage payments to Bank of New York." *See* Original Petition, ¶ 7. "[A] party to a contract who is himself in default cannot maintain a suit for its breach." *Re/Max of Texas, Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999) (quoting *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940)); *see also Sproul v. Sasser*,

2009 WL 2232240, *2 (Tex. App. – Dallas 2009, no pet.). As a result, Plaintiff cannot maintain a breach of contract action based on the Promissory Note and Deed of Trust.

With reference to the alleged contract based on the parties' negotiations for a loan modification, Plaintiff has not alleged the existence of a valid contract. To establish the existence of an enforceable contract, a plaintiff must show, *inter alia*, that there was an offer and acceptance in strict compliance with the terms of the offer. *See Southern v. Goetting*, 353 S.W.3d 295, 299 (Tex. App. – El Paso 2011, reh'g denied) (citing *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007)). Plaintiff alleges only that the parties engaged in negotiations, not that there was a specific offer and the acceptance of that offer to form a contract for a loan modification.

Plaintiff has failed to allege facts that state a claim for breach of contract, whether based on the Promissory Note and Deed of Trust or on the alleged loan modification negotiations. Defendant is entitled to dismissal of the breach of contract claim.

**B.      Negligence Claim**

Plaintiff in the Original Petition alleges that BOA owed her an undefined duty, which it breached and thereby injured Plaintiff. *See* Original Petition, ¶ 19. In her

Response, Plaintiff identifies the alleged duty as the duty of good faith and fair dealing. *See* Response, ¶ 2(A). Under Texas law, the relationship between mortgagor and mortgagee does not give rise to a duty of good faith and fair dealing. *See UMLIC VP LLC v. T&M Sales and Environmental Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App. – Corpus Christi 2005) (citing *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *Votel v. Travelers Indem. Co.*, 966 S.W.3d 748, 753 (Tex. App. – San Antonio 1998). Because Plaintiff has failed to allege facts that establish the existence of a legal duty owed to her by BOA, Defendant is entitled to dismissal of the negligence claim.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this **13th** day of **February, 2012**.

_____
Nancy F. Atlas
United States District Judge